[Cite as *State v. Howard*, 2017-Ohio-8265.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 17CA011079 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BISHOP C. HOWARD | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 15CR092200 |

DECISION AND JOURNAL ENTRY

Dated: October 23, 2017

---

SCHAFER, Judge.

{¶1} Defendant-Appellant, Bishop C. Howard, appeals the judgment of the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} This matter arises out of a 35-count indictment the Lorain County Grand Jury returned against Mr. Howard in Case No. 15CR092200[1]. After pleading not guilty to the charges, Mr. Howard entered into a sentencing agreement with the State. Mr. Howard agreed to withdraw his initial plea, enter a plea of guilty to the amended and supplemented indictment, and serve a sentence of life in prison with no possibility of parole. Mr. Howard also agreed to waive his rights to challenge his conviction and the plea bargain, seek post-conviction relief, and to appeal his conviction—with an exception for any claims of ineffective assistance of counsel and

---

[1] The grand jury also indicted Mr. Howard on a single count of breaking and entering in a separate case: 15CR09424. Mr. Howard entered a plea of guilty to that charge, and the sentence runs concurrent to his sentence of life without parole in 15CR092200.

prosecutorial misconduct. In exchange, the State agreed to dismiss all eight of the aggravating capital specifications which would have made Mr. Howard eligible to receive a sentence of death.

{¶3} The court accepted Mr. Howard's guilty plea and the parties' sentencing agreement. The court found Mr. Howard guilty and convicted him of the 34 remaining counts in 15CR092200[2]. Regarding two counts of aggravated murder, Mr. Howard received sentences of life in prison without the possibility of parole. As to all of the other counts, the court performed the appropriate analysis regarding merged and allied offenses, and Mr. Howard was sentenced on those charges in accordance with the agreement. The court found that all of the sentencing counts run concurrent to each other, for a total aggregate sentence of life in prison without the possibility of parole. Additionally, the court found that the firearm specifications merge, and Mr. Howard was sentenced to a mandatory three-year consecutive sentence—to be served prior to the underlying felony—on those specifications.

{¶4} The trial court thereafter appointed appellate counsel and Mr. Howard timely appealed.

II.

{¶5} On April 5, 2017, appellate counsel filed a brief on Mr. Howard's behalf pursuant to *Anders v. California*, 386 U.S. 738 (1967). Mr. Howard's appellate counsel avers that he has reviewed the record and concluded that there are no meritorious issues to pursue on appeal and

---

[2] Count One was dismissed, and replaced by Count Nineteen of the supplemental indictment.

contemporaneously asks to withdraw as counsel of record in this matter. The record indicates that Mr. Howard was served with a copy of the brief filed by appellate counsel, and this Court issued a magistrate's order affording Mr. Howard an opportunity to raise arguments after review of the brief. Mr. Howard has not submitted additional arguments for our consideration or otherwise responded.

{¶6} Mr. Howard's appellate counsel identified two potential issues for appeal, though he concluded that neither issue presents a viable basis for appellate review. First, counsel addressed whether the trial court's abuse of discretion and acceptance of an invalid plea could present an issue for appeal. Second, counsel examined ineffective assistance of trial counsel as a possible issue.

{¶7} Appellate counsel concluded that a thorough review of the record reveals that the trial judge substantially complied with all requirements relating to the acceptance of the plea, and that Mr. Howard voluntarily, knowingly, and affirmatively waived his rights and entered his plea. Further, appellate counsel concluded, based on the record, that trial counsel appears to have performed competently and satisfactorily in obtaining a plea deal and advising Mr. Howard to accept it. Ultimately, appellate counsel noted that, per the sentencing agreement, Mr. Howard waived his right to appeal except in the instance of prosecutorial misconduct or ineffective assistance of counsel, neither of which are evident under these circumstances.

{¶8} Upon this Court's own full, independent examination of the record, we agree that there are no appealable, non-frivolous issues in this case. *See State v. Randles*, 9th Dist. Summit No. 23857, 2008–Ohio–662, ¶ 6; citing *State v. Lowe*, 9th Dist. Lorain No. 97CA006758, 1998 Ohio App. LEXIS 1455 (Apr. 8, 1998). Accordingly, we grant appellate counsel's motion to withdraw and affirm the judgment of the Lorain County Court of Common Pleas.

### III.

**{¶9}** Having reviewed the entire record and having found that no appealable issues exist, we conclude that Mr. Howard's appeal is meritless and wholly frivolous under *Anders*. Mr. Howard's appellate counsel's motion to withdraw as counsel is hereby granted. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DAVID L. DOUGHTEN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, for Appellee.